## RUBEN F. BITTLE *vs.* STATE OF MARYLAND.

*Attempt to Murder—Indictment.*

An indictment charging that the traverser did attempt to commit
an offence, to wit to poison A. and in such attempt did a certain
overt act towards the commission of said offence, to wit, did
deliver knowingly and wilfully to A. a pill containing a large
quantity of deadly poison, and did solicit, and incite the said A.
to swallow it, with intent to kill and murder the said A. suffi-
ciently charges an attempt to murder by poison.

APPEAL AS UPON WRIT OF ERROR, from the Circuit
Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN,
FOWLER, PAGE, and BOYD, J.

*D. N. Henning,* for the appellant.

The second count of the indictment does not charge
the crime of attempting to poison under the Maryland
statute punishing the offence.   In *Rex vs. Cadman,* cited
in *Arch. Cr. Pr. and Pl.,* 259, where poison was adminis-
tered, and taken into the mouth, but not swallowed, it
was held not sufficient to support an indictment for
poisoning; but Archbold says, "it seems, being taken
into the mouth, it would support an indictment for an
attempt to poison."

In *Regina vs. Williams,* 1 *Car. & Kir.,* 539, where A
gave poison to B, with directions to administer it to C,
and B handed it to C and told him of his instructions
from A, it was held there was no attempt to poison by A.

An indictment charging C with delivering poison to
B, with instructions to put it into the coffee of A, B not

consenting, was held bad, as charging an attempt to poison. *Hicks vs. Commonwealth*, 86 *Va.*, 223.

An indictment charging the delivery of poison to a person and soliciting him to place it in the spring of a certain party, and not done, held bad as an indictment for attempting to poison; but a count in the same indictment, charging the same facts as a solicitation to commit an offence at common law, held good. *Stabler vs. Commonwealth*, 95 *Pa. St. R.*, 318.

In *State vs. Bowers*, 35 *S. C.*, 262, it was decided that a solicitation, accompanied with delivery of the means to commit a felony, and rejected, would not support a charge of an attempt to commit the offence, but would support a charge of soliciting the commission of an offence, as a common law misdemeanor.

In this case the solicitation was of the person alleged intended to be poisoned, and, for all that appears, with her knowledge of the fact. The authorities on the subject are scarce, but it is submitted on the law and authorities cited, that, although the offence charged in this indictment might be a misdemeanor at common law, it will not justify a conviction under the indictment in this case, and that no case of a conviction for an attempt can be found under like circumstances.

*John Prentiss Poe, Attorney-General,* (with whom was *Charles E. Fink, State's Attorney for Carroll County* on the brief,) for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is a writ of error to the Circuit Court for Carroll County. The plaintiff in error was indicted in the Court below. He demurred to the indictment, which contains three counts. The demurrer was sustained as to the first and third counts, and overruled as to the second, on which he was tried before the Court without the aid

of a jury, convicted and sentenced to the penitentiary for four years.

The errors alleged are, First, because it was decided that the second count sufficiently alleged a criminal offence against the laws of this State; and, Second, because it was held that said count sufficiently alleges an attempt to murder by poison.

It seems to us too clear for controversy that the Court below was entirely correct. The count in question is as follows, and charges that the plaintiff in error "did attempt to commit an offence prohibited by law, to wit, did attempt to poison one Ida S. Angel, then and there being, and in such attempt did then and there do a certain overt act towards the commission of said offence, to wit, did then and there furnish, supply, and deliver, knowingly and wilfully, to the said Ida S. Angel, one pill, containing a large quanity of a certain deadly poison called arsenite of copper, commonly known as Paris green, to wit, three and fifty-four one-hundredth grains of said arsenite of copper, and did then and there unlawfully and wickedly advise, solicit, and incite her, the said Ida S. Angel, to take and swallow the said pill containing the said quantity of said deadly poison, with intent thereby then, feloniously, wilfully, and of his malice aforethought, her, the said Ida S. Angel, to kill and murder, contrary to the form of the Act of Assembly."

Since the case of *Lamb vs. The State*, 67 *Md.*, 524, it is settled law here that the bare act of solicitation to commit a misdemeanor is not in itself an indictable offence. But that question is not here involved. The crime with which the plaintiff in error is here charged with having attempted to commit is a felony, and the solicitation is only one of the acts constituting the attempt. The other act is the actual delivery of the deadly poison with the intent thereby wilfully to murder. If this be not attempt to murder by poison it would be

difficult to make one without actually perpetrating the crime itself. We think the overt act, as well as the attempt to commit a felony, is sufficiently alleged in the second count.

*Ruling affirmed.*

(Decided 23rd January, 1894.)